106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John CAMPBELL and Cleo Roy, Petitioners-Appellants,
v.
Gary L. HENMAN, Warden, Respondent-Appellee.
 No. 95-2368, 95-2393.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 9, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and PELL, Circuit Judges.
 
 ORDER
 
 1
 Following a disciplinary hearing, federal prisoners John Campbell and Cleo Roy were found guilty of killing fellow inmate Thomas Lamb. Campbell and Roy filed a petition for habeas corpus, 28 U.S.C. § 2241, alleging that the prison officials' withholding of exculpatory information denied them their right to due process. The district court denied the petition. We reversed and remanded the action to the district court to determine whether exculpatory evidence had been withheld. Campbell v. Henman, 931 F.2d 1212, 1213 (7th Cir.1991). The district court determined that the petitioners were entitled to access to these exculpatory documents,[1] and those documents were produced to the petitioners. A rehearing was held before a disciplinary hearing officer (DHO), who found Campbell and Roy guilty as charged. Campbell and Roy subsequently brought the present challenge in the district court, contesting the procedural sufficiency of the rehearing. The district court construed their filings as supplemental petitions for habeas corpus relief, and denied the petitions. On appeal, petitioners renew their due process arguments. We affirm.
 
 
 2
 The minimum requirements for due process in the context of prison disciplinary hearings were established in Wolff v. McDonnell, 418 U.S. 539 (1974). These basic protections include: (1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence, and (3) a written statement of the factfinder as to evidence relied upon and the reasons for the disciplinary action. Id. at 563-67; Superintendent, Massachusetts Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985).
 
 
 3
 Petitioners' first due process claim is that the DHO failed to provide them with sufficient information about the specific time of Lamb's death to enable them to prepare an alibi defense. Generally, an inmate charged with a disciplinary violation must receive notice sufficient to "enable him to marshal the facts and prepare a defense.' " Whitford v. Boglino, 63 F.3d 527, 534 (7th Cir.1995) (per curiam) (quoting Wolff, 418 U.S. at 564). However, as the district court noted, the DHO provided petitioners with all available prehearing information about the time of death. The exculpatory evidence produced to Campbell and Roy informed them that Lamb was alive at 10:20 a.m. on October 15, 1988, according to a prison count at that time. Descriptions of Lamb's condition when his body was found by two officers later that afternoon at 4:00 p.m. suggested that Lamb had been dead for some time. Nothing in the record indicates that any other information existed or that the DHO could provide Campbell and Roy with any further details. In light of the description of the events provided in the notice of the charge and the advance disclosure of exculpatory information, the DHO's inability to reveal further factual details about the time of Lamb's death did not violate petitioners' due process rights.
 
 
 4
 Petitioners' second due process argument is that the DHO improperly refused to ask questions that they wished to pose to two confidential informants. However, prison disciplinary proceedings do not require the "full panoply of rights" due a defendant in a criminal proceeding. Wolff, 418 U.S. at 556. In a prison disciplinary hearing, inmates have no right to cross examine adverse witnesses. Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir.1992). Campbell and Roy concede that they are not entitled to cross examine witnesses in a disciplinary hearing (Petitioners' Br. at 38), but argue that their questions would have tested both the "truthfulness" of the informants and "indications that they wanted to recant their confidential information used by the DHO to find Petitioners guilty." Id. at 21. We disagree. Any inquiry into the truthfulness of an informant would amount to improper cross examination. In addition, nothing in the record suggests that the confidential informants sought to recant their earlier statements.
 
 
 5
 Finally, Campbell and Roy argue for the first time on appeal that "repeated due process violations" along with the "abuse, misdirection, and stalling tactics" of the DHO and the U.S. Attorney constituted double jeopardy. This argument is meritless. Prison disciplinary hearings are not part of a criminal prosecution, Wolff, 418 U.S. at 556, and therefore do not implicate double jeopardy concerns, see Breed v. Jones, 421 U.S. 519, 528 (1975) (application of the double jeopardy clause is limited to proceedings which are "essentially criminal"). In any event, petitioners have not identified what due process violations occurred or how double jeopardy would even be implicated.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The documents were considered to be exculpatory because they showed that Lamb was found hanging from a noose in his cell and revealed other circumstances suggesting that Lamb committed suicide